IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS

IN RE: §
    **Robert Harley Leverett** §
§ CASE NO.
§
Debtor(s) § Chapter 13 Proceeding

☐ *AMENDED*  ☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

> *Creditors are hereby notified that the following Plan may be amended at any time before confirmation. Any amendment may affect your status as a creditor. The Debtor's estimate of how much the Plan will pay, projected payments, and estimates of the allowed claims may also change. The following information advises creditors of the status of the case based on the information known at the time of its preparation. Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. More detailed information is on file at the Office of the United States Bankruptcy Clerk in El Paso or Waco, Texas. Local Bankruptcy Rules and Standing Orders on procedures are available at the Clerk's Office and online at www.txwb.uscourts.gov.*
>
> *Use of the singular word "Debtor" in this Plan includes the plural where appropriate.*

**Plan Summary**

A.     The Debtor's plan payment will be $ **567.00** per month, paid by ☒ Pay Order or ☐ Direct Pay, for **60** months. The gross amount to be paid into the plan is $ **34,020.00** .

B.     The Plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI below, and approximately **6** % of each unsecured allowed claim.

THIS PLAN DOES NOT ALLOW CLAIMS. YOU MUST FILE A PROOF OF CLAIM BY THE APPLICABLE DEADLINE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN THAT MAY BE CONFIRMED. CREDITORS ARE REFERRED TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL BANKRUPTCY RULES FOR THE WESTERN DISTRICT OF TEXAS, AND THE APPLICABLE STANDING ORDER RELATING TO CHAPTER 13 CASE ADMINISTRATION FOR THIS DIVISION, FOR INFORMATION ON THESE AND OTHER DEADLINES.

C.     The value of the Debtor's non-exempt assets is **0.00** .

D.     If the payment of any debt is proposed to be paid directly by the Debtor outside the Plan, it is so noted in Section VI(1), set forth below.

## Plan Provisions

### I. Vesting of Estate Property

☐ Upon confirmation of the Plan, all property of the estate shall vest in the Debtor and shall not remain as property of the estate.

☒ Upon confirmation of the Plan, all property of the estate shall not vest in the Debtor, but shall remain as property of the estate.

☐ Other (describe):

### II. Pre-Confirmation Disbursements

In accordance with the applicable Standing Order Relating to Chapter 13 Case Administration, the Debtor requests and consents to disbursement by the Chapter 13 Trustee of payments prior to confirmation of the Plan to evidence the Debtor's good faith, promote successful completion of the case, and to provide adequate protection to secured creditors. The Debtor shall remit such payments to the Trustee commencing 15 days after the filing of the petition. Provided all conditions for disbursement are met and unless otherwise ordered by the Court, the Trustee shall begin disbursing to creditors as provided below, on the first regularly scheduled disbursement after 30 days after the petition is filed. Payments under this paragraph will cease upon confirmation of the Plan.

| Creditor/Collateral | Pre-Confirmation Payment Amount | Other Treatment Remarks |
|---|---|---|
| **-NONE-** | | |

### III. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to assume the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Other Party | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to reject the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Other Party | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

## IV. Motion to Value Collateral Pursuant to 11 U.S.C. § 506

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI(2), hereof, plus interest thereon at the rate specified in this Plan. Except for secured claims for which provision is made to pay the full amount of the claim not withstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section VI(2)(F).

The Debtor(s) move(s) to value the collateral described below in the amounts indicated. The values as stated below represent the replacement values of the assets held for collateral, as required under Section 506(a)(2). Objections to valuation of collateral proposed by this Motion and Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely response or objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks |
|---|---|---|---|---|---|---|
| **Matco Tools** **Tools of trade** | **3,316.00** | **1,700.00** | **Prorata** | **5.25** | **1,915.67** | IN PLAN |

*"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on  **February 24, 2011**  ."*

 **/s/ Robert Harley Leverett**
 **Robert Harley Leverett**
 Debtor

## V. Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)

The Bankruptcy Code allows certain liens to be avoided. If a lien is avoided, the claim will not be treated as a secured claim but as an unsecured claim under Section VI (2)(F).

The Debtor moves to avoid the following liens that impair exemptions. Objections to lien avoidance as proposed in this Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan. (Debtor must list the specific exempt property said lien impairs and the basis of the lien--e.g. judicial lien, nonpurchase-money security interest, etc.)

| Creditor | Property Subject to Lien | Amount of Lien to Be Avoided | Remarks |
|---|---|---|---|
| **-NONE-** | | | |

## VI. Specific Treatment for Payment of Allowed Claims

## 1. PAYMENTS TO BE MADE BY THE DEBTOR DIRECTLY TO CREDITORS. INCLUDING POST-PETITION DOMESTIC SUPPORT OBLIGATIONS

    **A.** Debtor(s) shall pay the following creditors directly. Creditors with claims based on a post-petition domestic support obligation ("DSO"), including all governmental units to which a DSO claim has been assigned, or is owed, or that may otherwise recover a DSO claim, *must* be paid directly. Minors should be identified by their initials only. If no DSO creditor is listed, the Debtor represents he/she has no domestic support obligation.

All direct payments listed below shall be made in addition to the Plan payments made by Debtor to the Chapter 13 Trustee as herein set forth. Secured creditors who are paid directly shall retain their liens, and the Debtor(s) shall maintain insurance on the collateral, in accordance with the terms of the documents creating the lien on the collateral.

| Creditor/Collateral, if any | Remarks | Debt Amount | Monthly Payment |
|---|---|---|---|
| **AHMS Inc**<br>**11320 Tom Ulozas Dr., El Paso, TX** | | **85,004.00** | **996.00** |
| **El Paso Tax Assessor Collector**<br>**11320 Tom Ulozas Dr., El Paso, TX** | 2010 and future ad valorem taxes OUTSIDE by escrow | **0.00** | **0.00** |

    B. Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C. § 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.

| Creditor/Collateral | Collateral to be Surrendered |
|---|---|
| **-NONE-** | |

## 2. PAYMENTS TO BE MADE BY TRUSTEE TO CREDITORS

    **A.** Administrative Expenses

Administrative Expenses shall include the Trustee's commission and debtor's attorney's fees. The Trustee shall receive up to 10% of all sums disbursed, except on any funds returned to the Debtor. No fees or expenses of counsel for the Debtor(s) may be paid until the filing fee is paid in full, and any fees and expenses that are allowed in addition to the fees and expenses originally agreed to be paid, may be paid only after all prior allowed fees and expenses have been paid.

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured creditors | Remarks |
|---|---|---|---|
| **J. Todd Southern** | **3,000.00** | **As per standing order of Jan. 2007** | **Attorney Fees** |
| **Filing Fees** | **274.00** | **Along With** | **Filing Fees** |

    **B.** Priority Claims, Including Domestic Support Obligation Arrearage Claims

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured creditors | Remarks |
|---|---|---|---|
| **-NONE-** | | | |

**C.** Arrearage Claims

| Creditor/Collateral | Estimated Claim | Estimated Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks |
|---|---|---|---|---|---|---|
| **AHMS Inc**<br>11320 Tom Ulozas Dr., El Paso, TX | 10,930.00 | 136,418.00 | Prorata | 8.15 | 13,172.02 | Arrearage payment to secured creditor through Feb. 2011 |

**D.** Cure claims on Assumed Contracts, Leases, and Contracts for Deed:

| Creditor/Subject Property, if any | Estimated Amount of Cure Claim | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|
| **-NONE-** | | | |

**E.** Secured Creditors

Secured creditors shall retain their liens on the collateral that is security for their claims until the earlier of the date the underlying debt, as determined under non-bankruptcy law, has been paid in full, or the date of discharge under 11 U.S.C. § 1328. Therefore, if the Debtor's case is dismissed or converted without completion of all Plan payments, the liens shall be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks (specifically note if claim amount to be paid although greater than value of collateral) |
|---|---|---|---|---|---|---|
| **El Paso Tax Assessor Collector**<br>11320 Tom Ulozas Dr., El Paso, TX | 0.00 | 136,418.00 | Prorata | 12.00 | 0.00 | 2009 and any delinquent ad valorem taxes IN PLAN |
| **Matco Tools**<br>Tools of trade | 3,316.00 | 1,700.00 | Prorata | 5.25 | 1,915.67 | IN PLAN |
| **TFCU Rojas Office**<br>2006 Nissan Altima | 5,881.00 | 11,225.00 | Prorata | 5.25 | 6,627.14 | IN PLAN |

**F.** General Unsecured Creditors (including claims from rejection of contracts, leases and contracts for deed).
*Describe treatment for the class of general unsecured creditors.*

| Creditor | Estimated Amount of Debt | Remarks |
|---|---|---|
| ***Matco Tools** | 1,616.00 | |
| **Cavalry Portfolio Services** | 0.00 | |
| **Citibank USA** | 1,018.81 | |
| **Citifinancial** | 9,254.85 | |

*Indicates the unsecured portion of a Secured Claim, the nonpriority portion of a Priority Claim, or the full amount of an avoided Secured Claim.

Totals:

| | |
|---|---|
| Administrative Claims | 3,274.00 |
| Priority Claims | 0.00 |
| Arrearage Claims | 10,930.00 |
| Cure Claims | 0.00 |
| Secured Claims | 7,581.00 |
| Unsecured Claims | 11,889.66 |

## VII. Supplemental Plan Provisions

The following are the Supplemental Plan Provisions:

1. Unless the plan is a full pay plan, all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

2. If any secured proof of claim is filed for a debt that was either not listed or listed as unsecured, the claim shall be allowed as secured unless it is objected to. Said claim shall be paid under the plan at 10% interest. Likewise, if any priority proof of claim is filed for a debt that was either not listed or listed as unsecured, the claim shall be allowed as priority unless it is objected to. Said priority claim shall not be paid with any interest.

3. The Debtor(s) further agree, to report to the Trustee any changes in income that would necessitate modifying their plan by either increasing or decreasing their plan payment or increasing or decreasing the percentage payout to unsecured creditors.

4. Confirmation of the Plan shall continue authority for creditors, such as lien-holders on real property and lien-holders on vehicles, especially where the creditor is scheduled as "direct pay" or "outside," to send monthly statements as a convenience to the Debtor(s) and such statement shall not be considered a violation of the provisions of the automatic stay.

5. TAX REFUNDS: The Debtor(s) will be allowed to retain any tax refund(s) received from Internal Revenue Service to be used for unforeseen emergencies during the life of the Plan.

6. POST PETITION MORTGAGE PAYMENT: Payments received by the holders or servers of the mortgage claims for ongoing post petition installment payments shall be applied and credited to the debtors mortgage account as if the account were current and no pre-petition default existed on the petition date in the order of priorities specified in the note and security agreement and applicable non-bankruptcy law. Post petition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

7. POST-PETITION PAYMENT CHANGES: Holders and/or servicers of mortgage claims shall make adjustment to the ongoing installment payment amount as required by the note and security agreement and applicable nonbankruptcy law, including changes based on an escrow analysis for amounts required to be deposited in any escrow account or based on an interest rate provision in an adjustable-rate mortgage. Holders and/or servicers shall timely notify the debtors, debtors' attorney and trustee of such payment adjustments and any shortage, deficiency or surplus of funds in any escrow account.

8. PRE-PETITION ARREARAGES: Payments disbursed by the trustee to holders and/or servicers of mortgage claims shall be applied and credited only to the pre-petition arrearages necessary to cure the default, which shall consist of amounts listed on the allowed proof-of-claim and authorized by the note and security agreement and applicable non bankruptcy law. Holders and/or servicers of mortgage claims shall deem the pre-petition arrearages as contractually current upon confirmation of the plan.

9. MORTGAGE CURRENT UPON DISCHARGE: The holder and/or servicer of a mortgage claim shall provide to the debtors, debtor's attorney and trustee a notice of any fees, expenses or charges that have accrued during the bankruptcy case on the mortgage account and that the holder and/or servicer contends are (1) allowed by the note and security agreement and applicable non bankruptcy law, and (2) recoverable against the debtors or the debtor's account. The notice shall be sent annually, beginning within 30 days of the date one year after entry of the initial plan confirmation order, and each year thereafter during the pendency of the case.

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                                                                          Best Case Bankruptcy

Respectfully submitted     **February 24, 2011**     .

|  |  |
|---|---|
|  | **/s/ J. Todd Southern** |
|  | **J. Todd Southern 18862450** |
|  | Attorney for Debtor |
|  | **J. TODD SOUTHERN, Attorney at Law** |
|  | **5601 Montana Ste. A** |
|  | **El Paso, TX 79925** |
|  | **(915) 772-9032 Fax:(915) 772-0257** |
|  | Address/Phone & Fax Number |

**/s/ Robert Harley Leverett**

**Robert Harley Leverett**

Debtor                                                                                                  Co-Debtor

**11320 Tom Ulozas**
**El Paso, TX 79936**

Address                                                                                                Address

**ATTACH PROPOSED PAYMENT SCHEDULE, IF AVAILABLE**

Form 11/7/05